PER CURIAM.
Steven Branam appeals from the denial of his motion to correct sentence. We reverse.
Branam states that in 1982 he entered a plea to a charge of burglary with the understanding he would receive a five-year sentence concurrent with any other sentence he might be serving including a federal prison sentence. Then, in 1987, Branam became aware of correspondence between the Florida Department of Corrections and the federal authorities who currently house Branam which indicates that the burglary sentence runs consecutive to an earlier fifteen-year sentence. This suggests either that Branam’s commitment papers do not adequately reflect the correct sentence or that Branam misunderstood or incorrectly characterized the nature of his plea agreement.[1]
Written judgment and sentence forms should conform with the trial court’s oral pronouncement of sentence. See, e.g., Ellis v. State, 369 So.2d 397 (Fla. 2d DCA 1979). It is conceivable that, through clerical error, the documents in this case omit any provision for concurrent time, in which case the presumption would be that the sentence is not concurrent with any other. § 921.16(1), Fla.Stat. (1987). After remand the trial court first should examine the files and records in this case to determine whether such a mishap has occurred. If so the commitment papers should be corrected accordingly so that the Department of Corrections will have an accurate record of Branam’s sentence. If, on the other hand, the record does not reveal any plea bargain of the sort described by Branam in his motion, the trial court may again deny the *423 motion, attaching whatever exhibits it has relied upon in support of this conclusion. If the trial court again denies the motion Branam must file a notice of appeal within thirty days to obtain further appellate review.
Reversed.
SCHOONOVER, Acting C.J., and LEHAN and THREADGILL, JJ., concur.

. We are not unmindful of the five-year delay between Branam’s sentence and the present motion. Branam's motion is styled a motion to correct sentence, which, under Florida Rule of Criminal Procedure 3.800, is not subject to time limitations. Since there is no illegality per se in the sentence, and because Branam argues, in effect, that his plea bargain was violated, it might be argued that his only remedy would be a motion to vacate under rule 3.850, and thus he would be barred by the two-year limitations period. However, rule 3.850 does provide an exception when “the facts upon which the claim is predicated were unknown to the movant ... and could not have been ascertained by the exercise of due diligence." The facts surrounding Branam’s motion suggest that he did not become aware of the alleged violation until Florida lodged a detainer against him in 1986 or 1987.